UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEILA W. HENRY,

        Petitioner,

vs.                          Case No. 2:09-cv-436-FtM-29DNF
                                  (Case No. 2:06-cr-121-FTM-29DNF)

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on a Motion to Vacate Unconstitutional Judgment and Conviction Due to an Improper Report and Recommendation Submitted to the District Judge (Cv. Doc. #2; Cr. Doc. #277)[1] filed on July 2, 2009, in the underlying criminal case. This motion was filed by both Sheila Henry and her co-defendant husband Howard Henry, although the document was only signed by Howard Henry. The Court deemed this to be a motion under 28 U.S.C. § 2255, and directed the Clerk of the Court to open a civil habeas case for Sheila and a separate civil habeas case for Howard Henry.[2] (Cv. Doc. #1; Cr. Doc. #278.) On July 23, 2009, an identical Motion to Vacate Unconstitutional Judgment and Conviction Due to an Improper Report and Recommendation Submitted to the District Judge (Cv. Doc. #6) was

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case docket as "Cr. Doc."

[2]See Case No. 2:09-cv-435-FtM-29DNF.

filed, except this was also signed by Sheila Henry. On August 7, 2009, Sheila Henry filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #8) on the standard form for such a motion, raising additional grounds. On September 9, 2009, the United States filed its Response (Cv. Doc. #9), and thereafter petitioner filed a Traverse (Cv. Doc. #10) in reply.[3] Because petitioner is now proceeding *pro se*, the Court must construe her request for post-conviction relief liberally. United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997).

**I.**

The record establishes the following facts: On November 8, 2006, the grand jury returned a seven-count Indictment (Cr. Doc. #2) naming petitioner Sheila W. Henry (petitioner or S. Henry), her husband Howard Henry, and three other individuals. Petitioner and her husband were represented by retained counsel, and in due course, each signed a Plea Agreement (Cr. Docs. #106, #107) agreeing to plead guilty to one count, the Wire Fraud offense charged in Count Seven.

On June 29, 2007, petitioner pled guilty before the assigned magistrate judge pursuant to the written Plea Agreement. (Cr. Docs. ## 105, 110.) Petitioner signed a Notice Regarding Entry of Guilty Plea, Consent, and Waiver of Objection to Report and Recommendation (Cr. Doc. #109) to have the magistrate judge take the guilty plea, but

---

[3]On October 14, 2009, a letter was docketed with a copy of the Traverse to include Sheila Henry's signature. (Cv. Doc. #11.) The Traverse that was filed on September 25, 2009 does contain Sheila Henry's signature.

petitioner asserts that she did not sign the consent form until after the guilty plea colloquy, and that this was done in the jail without the presence of counsel. The Minute Entry for the guilty pleas were filed by the deputy clerk at 10:46 a.m. (Cr. Doc. #105), while defendants' consent forms were filed at 2:46 p.m. (Howard Henry) and 2:47 p.m. (petitioner). The Court is satisfied from the record that, at the time of the guilty plea colloquy, defendants had not signed the consent forms.

The magistrate judge conducted the guilty plea colloquy and filed a Report and Recommendation (Cr. Doc. #110) recommending that the guilty plea be accepted. No objections were filed, and on July 2, 2007, the guilty plea was accepted by the undersigned and petitioner was adjudicated guilty (Cr. Doc. #112). At time of sentencing, petitioner did not object to the fact that a magistrate judge had conducted the guilty plea proceedings without her prior written consent, or that the forms had been signed in the jail without the presence of her attorney. Judgment (Cr. Doc. #157) was entered on November 5, 2007, dismissing Counts 4 and 6 and sentencing petitioner to 48 months imprisonment and 36 months supervised release, to run concurrently with her sentence in the Southern District of Florida. Petitioner filed a Notice of Appeal (Cr. Doc. #161). On February 13, 2008, an Amended Judgment (Cr. Doc. #246) was entered to add restitution. Petitioner did not file a Notice of Appeal from the Amended Judgment. On May 21, 2008 the Eleventh Circuit Court of

Appeals dismissed Sheila Henry's direct appeal based upon a valid appeal waiver provision in the Plea Agreement (Cr. Doc. #260).

**II.**

**A. Guilty Plea Before Magistrate Judge**

The primary issue raised by petitioner is that the conviction and sentence must be vacated because the magistrate judge took the guilty pleas without her written consent, and the resulting report and recommendation to accept the guilty plea was entered without jurisdiction and should not have been accepted. Read liberally, petitioner also argues that there was ineffective assistance of counsel because counsel failed to ensure the proceedings were properly conducted.

The Eleventh Circuit has reviewed challenges to a magistrate judge's authority even when a defendant did not object in the district court, noting that such challenges are treated as if they were jurisdictional issues. United States v. Schultz, 565 F.3d 1353, 1356 (11th Cir. 2009). Such a challenge is not literally jurisdictional, however, because the Supreme Court has limited challenges to subject-matter jurisdiction to issues regarding the court's statutory or constitutional power to adjudicate a case. United States v. Cotton, 535 U.S. 625, 630 (2002); Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, 130 S. Ct. 584 (2009). There is no question that the district court had the authority to adjudicate the criminal case involving petitioner.

The more precise issue before the Court is whether petitioner's conviction or sentence should be vacated when the magistrate judge who presided over the Rule 11 change of plea proceedings, which resulted in a report and recommendation to the district court, did so without the <u>prior</u> written consent of petitioner but also without objection from any party.  The government asserts that neither the Federal Magistrates Act nor Rule 11 "preclude[] the district court from having a magistrate judge, without the consent of the defendant, conduct a plea hearing and then make a report and recommendation to the district court, which may then accept or reject the recommendation." (Cr. Doc. #268, p. 7.)[4] Petitioner argues that a magistrate judge cannot preside over a guilty plea proceeding without consent.

It is clear that a magistrate judge can preside over Rule 11 proceedings <u>and accept</u> a defendant's guilty plea only with the consent of the defendant.  <u>United States v. Woodard</u>, 387 F.3d 1329 (11th Cir. 2004).  Similarly, under the Local Rules, a magistrate judge has the authority to accept guilty pleas in felony cases "with the consent of the Defendant."  M.D. Fla. L.R. 6.01(c)(12).  That, however, is not what happened in this case.  While the magistrate judge presided over the Rule 11 proceedings, he did not accept petitioner's guilty plea, but rather filed a Report and Recommendation that the guilty plea be accepted.  It was the district court judge who accepted the guilty plea.  Neither of the parties, however, have cited any binding

---

[4]This previously filed Response was incorporated by reference into the later filed Response (Cv. Doc. #9, p. 2).

precedent as to whether written consent is required before a magistrate judge may preside over the guilty plea proceeding and issue a report and recommendation to the district judge.[5]

Because petitioner never raised the issue of the magistrate judge's authority to take her guilty plea before the district court, the issue is now reviewed under the plain error standard. Schultz, 565 F.3d at 1356-57. To show plain error, petitioner must show that: (1) an error occurred; (2) the error was plain; (3) it affected substantial rights; and (4) it seriously affected the fairness of the judicial proceedings. Schultz at 1356-57. Assuming for the purposes of the current motion that petitioner has satisfied the first two elements, she has not satisfied either the third or fourth requirement. The record establishes that having the magistrate judge conduct the Rule 11 proceedings, and then file a report and recommendation to the district judge, did not affect petitioner's substantive rights or the fairness of the judicial proceedings. Petitioner never asserted at sentencing or elsewhere in the district court that she was not guilty of the offense to which she pled guilty, and did not allege any infirmity in the guilty plea colloquy or complain that it was conducted by a magistrate judge, until after

---

[5]It is clear that a magistrate judge may preside over Rule 11 proceedings with the consent of the parties. United States v. Benton, 523 F.3d 424, 432 (4th Cir. 2008); United States v. Reyna-Tapia, 328 F.3d 1114, 119 (9th Cir. 2003); United States v. Osborne, 345 F.3d 281 (4th Cir. 2003); United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); United States v. Dees, 125 F.3d 261 265 (5th Cir. 1997); United States v. Ciapponi, 77 F.3d 1247, 1250-52 (10th Cir. 1996).

affirmance on appeal. Petitioner correctly asserts that until the guilty plea is accepted by the district judge she had an absolute right to withdraw the guilty plea for any or no reason. See FED. R. CRIM. P. 11(d)(1). However, this option would not have been available had a district court taken the guilty plea, which would have been accepted without the need of a report and recommendation. The Court finds that petitioner has not satisfied the plain error standard.

**B. Ineffective Assistance of Counsel**

Read liberally, petitioner also asserts that counsel provided ineffective assistance by allowing the magistrate judge to proceed with the change of plea proceedings prior to the signing of the consent form. It is clear from the record (Cr. Doc. #209) that both petitioner and counsel intended to plead guilty before the magistrate judge, and that the oversight involving the paperwork resulted in neither deficient performance by counsel nor prejudice to petitioner within the meaning of Strickland v. Washington, 466 U.S. 668 (1984). As set forth below, none of the issues petitioner now raises are meritorious.

## III.

Petitioner asserts that the guilty plea colloquy was deficient because the magistrate judge failed to establish the necessary jurisdictional element for wire fraud. Specifically, petitioner asserts that "[t]he Magistrate never mentioned the use of the wires to execute any offense and the government did not proffer any statements

related to the use of wires.  The wires were not used to commit the alleged offense."  (Cv. Doc. #2, p. 6.)  Petitioner points to her husband's statement at the change of plea colloquy that he never knew the transaction, which petitioner admitted knowing was illegal, would constitute the federal crime of wire fraud.  (Cv. Doc. #2, p. 7.) Petitioner asserts that counsel should have addressed this issue.  Id.

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires that a court "must determine that there is a factual basis for the plea" before accepting a plea and entering judgment on it.  The purpose of this rule is to help ensure that the plea agreement process was a fair one.  Santobello v. New York, 404 U.S. 257, 261 (1971). In determining whether there was a sufficient factual basis for the guilty plea, the issue is whether the judge was subjectively satisfied with the basis for the plea.  The judge's decision to accept a guilty plea will not be overturned unless there has been an abuse of discretion.  United States v. Owen, 858 F.2d 1514, 1516 (11th Cir. 1988).  Since this issue was not raised initially in the district court or on direct appeal, petitioner must show reversible plain error.  United States v. Dominguez Benitez, 542 U.S. 74 (2004); United States v. Vonn, 535 U.S. 55 (2002).

Wire fraud requires that a person (1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or causes the use of the wires for the purpose of executing the scheme or artifice.  United States v. Ward, 486 F.3d 1212, 1222 (11th Cir. 2007), cert. denied, 552 U.S. 960 (2007); United States v.

Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003). A person "causes" the wires to be used within the meaning of 18 U.S.C. § 1343, when he acts "with knowledge that the use of the mails [or wires] will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended." Ward, 486 F.3d at 1222 (quoting Pereira v. United States, 347 U.S. 1, 8-9 (1954)).

The Plea Agreement, signed by petitioner, identified use of the wire as an element of the offense. (Cr. Doc. #106, p. 2; Cr. Doc. #107, p. 2.) In the "Factual Basis" portion of the Plea Agreement, petitioner stated she was in fact guilty and that the "Facts" portion was true. Included in the "Facts" portion are references to use of wire transfers by Bank of America, Regent Bank, and the Federal Reserve Bank. Additionally, petitioner admitted performing and causing on-line internet research in furtherance of the fraudulent scheme. Further, petitioner admitted in Count Seven to a specific $48,000 wire transfer that the fraudulent activities caused to be sent.

At the change of plea colloquy, petitioner told the magistrate judge she had read the Indictment and understood the charges (Cr. Doc. #209, p. 6), had reviewed and discussed the Indictment with counsel (id. at 7), and were satisfied with her attorney (id.). Petitioner told the magistrate judge that nothing wrong or unfair had been done to obtain her guilty plea, and that she was pleading guilty because she was guilty (id. at 7-8). Petitioner identified the Plea Agreement, said she had read it before signing, and discussed it with

counsel and understood its contents (id. at 8-9). Petitioner stated that she understood that the court was not bound by the stipulated facts, and the court would rely heavily on the a presentence investigation report (id. at 10-11). The magistrate judge specifically advised petitioner of the four elements of wire fraud, and petitioner stated she understood these elements (id. at 20). Petitioner explained what she did to commit Count 7. Petitioner Howard Henry stated that, with his background in the business and the use of the computer, he was able to illegally obtain information on properties with unpaid taxes to knowingly create fraudulent deeds, record them, and sell them to third-parties using bank transfers, which justified a finding that he knew there was a wire transfer. Petitioner Sheila Henry stated that she received some of the check funds, worked at her husband's company, was part of the company, that received checks on knowingly fraudulent property, and knew the deeds were fraudulent. (Id. at 21-25, 35-32, 32-34.)

The Court finds that the guilty plea colloquy contains a sufficient factual basis to support petitioner's conviction for wire fraud. In looking at the entire record, the Court finds no error of any kind, much less reversible plain error. In addition, the Court finds that no ineffective assistance of counsel has been shown as to the guilty plea.

## IV.

Petitioner also asserts that the restitution in the case was improperly referred to the magistrate judge by order, and that the

restitution proceeding was conducted without the consent of petitioner. Petitioner argues that restitution is a critical stage and part of sentencing, and should not have been referred to the magistrate judge without consent. (Cv. Doc. #2, p. 7.)

At sentencing, the Court reserved ruling on the amount of restitution, and by Order (Cr. Doc. #165) referred the matter of the amount of restitution to the magistrate judge pursuant to 18 U.S.C. § 3664(d)(6). The magistrate judge was instructed to conduct an evidentiary hearing and prepare a Report and Recommendation as to the amount of restitution. Section 3664(d)(6) provided: "The court may refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court." No consent from a defendant is required for such a referral. The magistrate judge conducted an evidentiary hearing and prepared a Report and Recommendation (Cr. Doc. #221). No objections were filed, and the district court adopted the Report and Recommendation. (Cr. Doc. #245.) Petitioner has shown no error with regard to the calculation of restitution. The Court finds no error in the procedure by which the restitution amount was determined.

**V.**

The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #8) raises

some additional issues not asserted in her original petition. As set forth below, none of these issues are meritorious.

**A. Sufficiency of Indictment**

Petitioner argues that the Indictment is fatally defective because it did not state an offense. Specifically, petitioner argues that the Indictment does not have any facts which are sufficient to show how the wires or mails were used in the execution of any count, fails to name any of the victims, fails to allege that petitioner intended to harm anyone by the offense, and fails to state the harm or loss. (Cv. Doc. #10, pp. 14-17.)

In general, an indictment is sufficient if it (1) sets forth the elements of the offense in a manner which fairly informs defendant of the charge he or she must defend, and (2) enables defendant to enter a plea which will bar future prosecution for the same offense. <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974); <u>United States v. Poirier</u>, 321 F.3d 1024, 1028 (11th Cir. 2003). The Indictment (Doc. #2) in this case complies with these requirements, and was not insufficient as a matter of law for any of the reasons stated by petitioner.

**B. Ineffective Assistance of Counsel**

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective

standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Petitioner argues that her retained counsel provided ineffective assistance "at all stages." The record shows otherwise.

Petitioner argues that counsel should have called a particular witness to address the money paid as an assignment fee in Count 7. (Cv. Doc. #10, pp. 17-18.) There was never a dispute that the amount was $48,000 for the conviction on Count 7, as petitioner Howard Henry conceded during his guilty plea (Cr. Doc. #209, p. 23) and petitioner S. Henry acknowledged receiving by cashing the checks (Cr. Doc. #209, p. 28). At sentencing, the parties agreed to the applicable loss range under the Sentencing Guidelines, and the upward adjustment was reduced by two levels (Cr. Doc. #238, pp. 4-6). There was no deficient performance by counsel or any resulting prejudice to petitioner.

Petitioner also asserts that her prior attorney should have moved to dismiss the Indictment for failure to state an offense. (Cv. Doc. #10, p. 18.) The Indictment properly stated an offense, and an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). Therefore, this claim has no merit.

Petitioner asserts that her attorney should have filed the paperwork for a Rule 20 transfer, which the Court and the prosecutor agreed to do, and that it was not fair that she should go through two trials in the same year. (Cv. Doc. #10, pp. 18-19.) A transfer under Rule 20 of the Federal Rules of Criminal Procedure requires not only defendant's written consent, Fed. R. Crim. P. 20(a)(1), but also the written approval of the United States attorneys in both districts, Fed. R. Crim. P. 20(a)(2). A defense attorney is not ineffective if he or she is simply unable to convince both prosecutors to agree to such a transfer. Where a defendant commits two felony offenses in two separate districts, she has no basis to complain if two trials result.

Petitioner argues that attorney Charles Murray failed to conduct an investigation, ignoring petitioner's statement that the case involved "deed fraud" and not wire fraud or mail fraud; failed to call Mr. Kollar to testify that there were no victims of Count 7 and therefore the loss enhancement was inappropriate; failed to object to the court's jurisdiction for mail fraud and wire fraud; failed to challenge the sufficiency of the Indictment or the sufficiency of the evidence; and allowed the magistrate judge to determine restitution. (Cv. Doc. #10, pp. 19-20.) Petitioner has failed to establish either deficient performance or prejudice for any of these claims. "Deed fraud" can be prosecuted as wire fraud and mail fraud, as exemplified by the current case. The sentencing transcript reflects that defense counsel did object to the number of victims, but there was no basis to reasonably argue the absence of any victims or the amount of the loss

enhancement after the government agreed to the two-level loss adjustment reduction. As discussed above, both the Indictment and the evidence supporting petitioner's guilty plea were sufficient, and the magistrate judge did not determine the amount of restitution.

**C. Actual Innocence**

Petitioner asserts she is innocent of the offenses alleged in the Indictment because the wires were not used to execute any offense. (Cv. Doc. #10, pp. 20-22.) As stated above, there was a sufficient factual basis to support petitioner's guilty plea, and therefore petitioner is not actually innocent of the offense of conviction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion to Vacate Unconstitutional Judgment and Conviction Due to an Improper Report and Recommendation Submitted to the District Judge (Cv. Docs. ## 2, 6) are **DENIED**.

2. The corresponding motions in the criminal case, Cr. Docs. ## 277, 282, 283, shall be terminated.

3. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #8; Cr. Doc. #285) is **DENIED.**

4. The Clerk shall enter judgment denying petitioner's Motions to Vacate Unconstitutional Judgment and Conviction Due to an Improper Report and Recommendation Submitted to the District Judge and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody for the reasons stated in this Opinion and Order and close the civil file.

5. The Clerk is further directed to file a copy of the civil judgment in the corresponding criminal case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of May, 2010.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Sheila Henry